UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL J. BRACCO, JR.,

                              Plaintiff,        Case # 18-CV-926-FPG

v.                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

On January 28, 2015, Plaintiff Michael J. Bracco, Jr., protectively applied for Supplemental Security Income under Title XVI of the Social Security Act. Tr.[1] 165-70. After the Social Security Administration ("SSA") denied his claim, Bracco testified at a hearing before Administrative Law Judge Rosanne M. Dummer ("the ALJ"). Tr. 34-64. On September 21, 2017, the ALJ issued an unfavorable decision. Tr. 18-28. After the Appeals Council denied his request for review, Bracco appealed to this Court.[2] Tr. 1-5; ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 13. For the reasons that follow, Bracco's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

## LEGAL STANDARD

When it reviews a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

1

Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**DISCUSSION**

In conducting the requisite five-step analysis,[3] the ALJ determined that Bracco's severe impairments included reported depressive disorder, history of substance abuse, and reported cognitive disorder. Tr. 20-21. The ALJ also found that Bracco retains the residual functional capacity ("RFC")[4] to understand, remember, and carry out instructions for routine, repetitive, unskilled work; sustain attention and concentration for two-hour periods; tolerate occasional contact with others; and adapt to routine changes in the work setting. Tr. 22. She also found that Bracco should avoid jobs that are fast paced or have high production goals. *Id.* Bracco argues that remand is required because the ALJ determined his RFC without a medical opinion to guide her analysis. ECF No. 10 at 7-13. The Court agrees.

A claimant's RFC does not have to "perfectly correspond" with a medical source's opinion; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)

---

[3] The ALJ uses this analysis to determine whether a claimant is disabled and therefore entitled to benefits. 20 C.F.R. § 416.920(a)(4).

[4] A claimant's RFC reflects his ability to perform physical or mental work activities on a sustained basis despite his impairments. *See id.* § 416.920(e)-(f).

(citation omitted) (summary order). But an ALJ cannot "play doctor" by substituting her own judgment for competent medical opinion, and therefore "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 391 (W.D.N.Y. 2019) (citations omitted).

Moreover, where the administrative record does not contain a medical source opinion about the claimant's functional limitations, "the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *22 (W.D.N.Y. Mar. 6, 2015) (citation omitted). The ALJ has discretion as to whether a consultative examination is needed, but "it is a reversible error for the ALJ to fail to obtain a consultative examination if such an evaluation is necessary for the ALJ to make an informed decision." *Phelps v. Colvin*, 20 F. Supp. 3d 392, 402 (W.D.N.Y. 2014) (citation omitted); *see also* 20 C.F.R. § 416.919a (indicating that the SSA "may decide" to purchase a consultative examination if there is "an inconsistency in the evidence" or "when the evidence as a whole is insufficient" to decide the claimant's application).

In applying for benefits, Bracco alleged that he was disabled due to attention deficit hyperactivity disorder, schizophrenia, bipolar disorder, mood swings, and an inability to concentrate. Tr. 180. At his hearing, he testified that has difficulty concentrating, jumps between tasks, and often does not finish what he starts. Tr. 38, 50. Bracco also described regular violent behavior. He indicated, for example, that he lost his last job because he had an altercation with his boss and "tried throwing him off [a] ladder." Tr. 49. He also described an incident at Walmart where somebody bumped into him and he "just lost it," grabbed the person, and threw him against a cooler. Tr. 54. Bracco also indicated that he argued often with his father. Tr. 50.

Bracco also testified that he was incarcerated for a period of time and participated in the facility's mental health program. Tr. 41. He noted that he was not currently taking mental health medication due to insurance issues. Tr. 41, 42. Bracco also described instances of depression and suicidal ideation and indicated that he has difficulty being in crowds. Tr. 41, 51-52.

The record contains scant medical evidence with respect to Bracco's mental condition. There is one treatment note that describes him as "cooperative" with "normal insight." Tr. 241. There is also evidence indicating that he regularly smokes cigarettes, drinks alcohol, and uses marijuana and did not follow through with chemical dependency treatment. Tr. 247, 251. A state agency psychiatrist reviewed Bracco's record and indicated that there was "insufficient evidence" to assess his claim. Tr. 69. Bracco did not undergo an evaluation with a consultative examiner or other medical source wherein that source opined as to Bracco's functional ability to work.

Despite the small amount of evidence available to illuminate the nature and severity of Bracco's mental impairments and how they affect his ability to work, the ALJ somehow determined that Bracco could work full-time with the specific limitations set forth above. Because the record contains no opinion evidence as to Bracco's ability to work, the Court remands this case for further proceedings and directs the ALJ to obtain a medical source opinion. *See, e.g.*, *Lilley v. Berryhill*, 307 F. Supp. 3d 157, 160 (W.D.N.Y. 2018) (remanding where "the record lack[ed] a useful medical opinion by any treating or examining source that addresses whether and to what extent plaintiff's mental impairments impact her ability to perform work-related functions" and indicating that "the ALJ was required to obtain a consultative examination and/or seek additional opinion evidence from plaintiff's treating physician"); *Haymond v. Colvin*, No. 1:11-CV-0631 MAT, 2014 WL 2048172, at *7 (W.D.N.Y. May 19, 2014) (remanding where "no psychiatrist,

psychologist, social worker, or counselor examined plaintiff and gave an opinion regarding the functional limitations caused by her multiple and long-standing mental impairments").

**CONCLUSION**

Bracco's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 16, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court